**BOWLES, Adm'r, OPA, v. MAY HARD-WOOD CO.**

No. 10088.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1946.

See, also, 140 F.2d 914.

Samuel Rosenwein, of Washington, D. C. (George Moncharsh, Milton Klein, David London, and Jack Werner, all of Washington, D.C., and Fritz Krueger and Homer B. Parrent, both of Louisville, Ky., on the brief), for appellant.

A. Shelby Winstead, of Louisville, Ky. (Woodward, Dawson, Hobson & Fulton, all of Louisville, Ky., on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

The Price Administrator sought an injunction against the appellee upon the ground that it had violated Maximum Price Regulation 146, as amended, 7 Federal Register, 3766, issued pursuant to the Emergency Price Control Act of 1942, 50 U.S.C. § 901 et seq., 50 U.S.C.A.Appendix § 901 et seq. (1) by selling lumber in excess of the prices established by § 1382.13 (b) of the Regulation; (2) by overcharging in its estimation of transportation costs, and (3) by upgrading lumber. The District Court, in detailed findings of fact, found that while certain sales made in the latter part of 1942 were in excess of the selling price established by M. P. R. 146 as amended, they were not in excess of the prices established by M. P. R. 281, effective December 14, 1942, which superseded M. P. R. 146 as amended.

As to the charge that the appellee upgraded the lumber in question, the court found that it did this without an inspection of each individual piece and that this practice "is practically certain to result in a false or incorrect grading in many instances. Yet the evidence fails to specifically show any instance where the upgrading actually resulted in a false or incorrect grading."

As to the point of over-estimating freight charges, the District Court found that the excessive freight so charged was less than twenty-five cents per hundred-weight and that in a number of other shipments where freight was estimated the charge was less than the actual freight

paid. The court held that the overcharges came within the allowable deviation under M. P. R. 146, which provides [§ 1382.11 (f)] that the charging of a sum equivalent to the one-quarter of a dollar nearest to such transportation costs shall not be deemed a deviation from the use of actual transportation costs.

The court decided that the issuance of an injunction was not justified, but continued the case on the docket for six months for such future action as should be found necessary.

The issuance of an injunction under § 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C. § 925(a), 50 U.S.C.A.Appendix § 925(a), lies within the sound discretion of the court. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. Upon this record we think the court's discretion was not abused.

The order of the District Court is affirmed upon the grounds and for the reasons given in the findings of fact and conclusions of law stated by the District Court.